Case No.: 6:20-CV-0146 (LEK/ATB)

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SWARTHMORE COLLEGE | : | NO. 14-532 |

ORDER

AND NOW, this 29th day of January, 2014, upon consideration of plaintiff John Doe's motion for permission to proceed under a pseudonym (docket entry # 2), and the Court finding that:

(a) This action arises out of an allegedly improper investigation and hearing by Swarthmore College ("Swarthmore") that resulted in the expulsion of the plaintiff, an undergraduate student there;

(b) According to the plaintiff, on November 23, 2012, Jane Doe[1] reported to a Swarthmore employee that John Doe had sexually assaulted her in April of 2011, Pl. Mem. in Supp. of Mot. at 2 (hereinafter "Pl. Mot.");

(c) The plaintiff avers that Jane Doe offered no physical or medical evidence, nor did she submit any police or college public safety records supporting her accusation, id.;

(d) John Doe has denied any wrongdoing since Jane Doe accused him of sexual assault, id.;

---

[1] The plaintiff seeks to proceed using a pseudonym for both himself and Jane Doe.

(e) Swarthmore apparently conducted two investigations into the allegations -- the first investigation concluded without a charge, but the second investigation, begun in May of 2013, resulted in a hearing in which the college found that the plaintiff had "more likely than not" committed the sexual assault and expelled him from Swarthmore shortly before the beginning of his senior year, id.;

(f) According to the plaintiff, Swarthmore commenced the second investigation "after the College had become the subject of intense public scrutiny and the target of two federal administrative complaints concerning its sexual misconduct policies and enforcement record", id.;

(g) John Doe appealed the findings and the penalty, but Swarthmore denied his appeal;

(h) John Doe brings this action pursuant to Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681, et seq., Count I; he brings common law claims for breach of contract, Count II; promissory estoppel, Count III; negligence, Count. IV; and negligent infliction of emotional distress, Count VI; and he brings an action for equitable relief, Count V;

(i) John Doe moves for permission to proceed pseudonymously "in order to maintain and protect his privacy and reputational interests as he seeks redress against Swarthmore College", Pl. Mot. at 1, and he notes that "[a]lthough Jane is not named as a defendant in this matter, her privacy interests also warrant protection and, if permitted to pursue this action anonymously, John also intends to proceed without disclosing her true identity", id. at 3;

2

(j) As our Court of Appeals has explained, "[o]ne of the essential qualities of a Court of Justice [is] that its proceedings should be public", Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011) (internal quotations omitted), and "[a] plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings'", id. (quoting Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000));

(k) Nevertheless, after balancing the public's interest in disclosure against the party's interest in anonymity, courts have found that parties may proceed using pseudonyms in exceptional cases, see, e.g., Megless, 654 F.3d at 408;

(l) In Megless, our Court of Appeals endorsed the balancing test that Judge Newcomer articulated in Doe v. Provident Life and Accident Ins. Co., 176 F.R.D. 464, (E.D. Pa. 1997) to guide such a determination, Megless, 654 F.3d at 410;

(m) Under that test, the factors militating in favor of allowing a party to proceed under a pseudonym are:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives;

Provident Life, 176 F.R.D. at 467-68;

(n) We balance these factors against those considerations that suggest a party should proceed by name:

3

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

Id. at 468;

(o)  We note that although this list of factors is non-exhaustive, see, e.g., Megless, 654 F.3d at 409, it is sufficient for our analysis here;

(p)  As John Doe explains, his identity has been kept confidential thus far -- he "has not disclosed his involvement in this matter to those beyond his inner circle and the colleges and universities that he has applied to since his expulsion", Pl. Mot. at 5;

(q)  Swarthmore's policies prohibit the college from disclosing his identity, and the plaintiff avers on information and belief that "beyond limited disclosures provided to the institutions John has applied to in order to complete his undergraduate education, Swarthmore has not disclosed John's identity in connection with this matter", id. at 6;

(r)  The plaintiff contends that he fears disclosure because of the social stigma attached to one accused of sexual assault, a stigma whose effects would be particularly pronounced in a small community like Swarthmore, id. at 7;

(s)  With regard to the public interest, the plaintiff argues that "there is significant public interest in maintaining the confidentiality of John and Jane's identities" because of the "private, highly sensitive nature" of the subject matter, id.;

(t)  The fourth factor -- whether the public has an abnormally weak interest in knowledge of the parties' identities -- does not play a role in our determination, for as we discuss

4

below, we find that the public's interest in disclosure here is typical of its interest in knowing the identity of the parties in any civil dispute;

(u) The plaintiff argues that the danger that he would forgo the lawsuit if he were required to disclose his identity militates heavily in favor of anonymity -- as he explains, "[i]f John's only avenue of recourse is to sustain further humiliation, tarnish his reputation, and be the target of public denigration due to Swarthmore's findings, it may deter him from filing suit" and "[t]he impact of this chilling effect may also extend beyond John, to other similarly situated individuals", id. at 8;

(v) Finally, John Doe argues that he has no illegitimate motives in seeking to proceed under a pseudonym -- he maintains that he wishes to keep both his and Jane Doe's identities confidential and that he hopes to return to Swarthmore, id.;

(w) We find these factors compelling;

(x) We note that Swarthmore has not yet submitted an opposition to the plaintiff's recently-filed motion, nor has an attorney for Swarthmore yet entered an appearance in this matter, rendering the third part of the second inquiry moot;

(y) We see no aspect of the case that would properly enhance the public's interest in knowing the identity of the litigant; and

(z) Instead, we balance the factors the plaintiff has identified against "the thumb on the scale that is the universal interest in favor of open judicial proceedings", Megless, 654 F.3d at 411, and we find that in light of that balancing, anonymity is warranted[2];

---

[2] Our conclusion is bolstered by our determination in Doe v. Evans, 202 F.R.D. 173 (E.D. Pa. 2001), in which we allowed a plaintiff who brought a civil rights claim arising from an alleged incident of sexual assault by a state trooper to proceed anonymously, and we

5

It is hereby ORDERED that the plaintiff's motion for permission to proceed under a pseudonym (docket entry # 2) is GRANTED without prejudice to Swarthmore College's articulation of its views, if it elects to articulate them after counsel enters an appearance on its behalf and does so at an early date.

BY THE COURT:

/s/ Stewart Dalzell, J.

---

found that "the public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights." Id. at 176.