Case No.: 6:20-CV-0146 (LEK/ATB)

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, a Pennsylvania Non-Profit Corporation | : : : | NO. 16-5088 |

**ORDER**

**AND NOW**, this 26th day of September, 2016, upon consideration of Plaintiff's Motion for Permission to Proceed under a Pseudonym (Docket No. 3), and Defendant's representation to the Court that it will not oppose the use of any pseudonym at this time, **IT IS HEREBY ORDERED** as follows:

1. The Motion is **GRANTED**.[1]

---

[1] Federal Rule of Civil Procedure 10(a) generally requires parties to a lawsuit to identify themselves. Fed. R. Civ. P. 10(a). However, parties are permitted to proceed anonymously in "exceptional cases." Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011) (citation omitted). In order to proceed anonymously, "a plaintiff must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" Id. (quoting Doe v. Kamehameha Sch./Pauahi Bishop Estate, 596 F.3d 1036, 1043 (9th Cir. 2010)). Moreover, the "litigant's reasonable fear of severe harm [must] outweigh[] the public's interest in open judicial proceedings." Id. (citing Doe v. C.A.R.S. Protection Plus, Inc., 527 F.3d 358, 371 n.2 (3d Cir. 2008)).

The United States Court of Appeals for the Third Circuit has identified several factors that we may consider in considering a litigant's request to proceed anonymously. Factors that favor anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

2. Plaintiff may proceed in the above-captioned matter under the pseudonym "John Doe" and may use the pseudonym "Jane Roe" to refer to the female complainant in the underlying disciplinary proceeding and the pseudonyms "Witness #1" and "Witness #2" to refer to the two student-witnesses in the underlying investigation.

3. Access to the actual identities of the above-listed individuals in connection with this matter shall be limited to this Court and Defendant only.

BY THE COURT:

/s/ John R. Padova, J.

John R. Padova, J.

---

Id. at 409 (quotation omitted). Factors that disfavor anonymity include:
> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

Id. (quotation omitted).

Here, Plaintiff's identity has thus far been kept confidential; Plaintiff has a legitimate fear of significant harm should the preliminary finding of his responsibility for a sexual assault be made public (see Decl. of John Doe, attached as Ex. C to Pl.'s Mot.); there is a public interest in maintaining the confidentiality of the parties in this private, sensitive matter and little public interest in knowing Plaintiff's identity because the issues raised in this case are purely legal; and there is no reason to believe that Plaintiff has illegitimate ulterior motives in proceeding anonymously. Moreover, there are no compelling factors that disfavor anonymity in this case. We therefore conclude that Plaintiff has a reasonable fear of severe harm that sufficiently outweighs the public's interest in open judicial proceedings. Consequently, we exercise our discretion to permit Plaintiff to proceed anonymously in this case, and we extend that same consideration to the complainant and witnesses.

2